UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 21-06401-RGK (RAO)                     Date:   August 12, 2021
Title:      Black v. Diaz et al.

Present:      The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

Donnamarie Luengo                                N/A
Deputy Clerk                              Court Reporter / Recorder

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

N/A                                          N/A

**Proceedings:**        (In Chambers) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On October 5, 2020, Plaintiff Darnell Black, Sr. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California. Compl., Dkt. No. 1. Plaintiff's request to proceed *in forma pauperis* was previously granted. Dkt. No. 8. Plaintiff subsequently requested leave to amend his complaint. Dkt. Nos. 6, 7. On April 8, 2021, Magistrate Judge Cota denied Plaintiff's motions for leave to amend as unnecessary because Plaintiff could amend as of right. Dkt. No. 20. Judge Cota provided that if no amended complaint were filed within 30 days, the action would proceed on Plaintiff's original complaint. *See id.* To date, no amended complaint has been filed. On August 9, 2021, the action was transferred to this district. Dkt. No. 21. The Court has screened the Complaint. For the reasons set forth below, the Complaint is DISMISSED with leave to amend.

## I.    THE SCREENING REQUIREMENT

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court may dismiss such a complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 21-06401-RGK (RAO)                     Date:   August 12, 2021

Title:      Black v. Diaz et al.

*Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted).  The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'"  *Id.* at 678 (alterations in original) (citations omitted).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences.  *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also* Fed. R. Civ. P. 10(c).  Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint.  *Sprewell*, 266 F.3d at 988.

## II.   SUMMARY OF ALLEGATIONS

Plaintiff alleges that from March 1, 2020 to May 30, 2020, he was exposed to 30 or more "Covid-19 inmates."  Compl. at 2.  Plaintiff alleges that the "GP Unit A4" was not equipped to isolate Covid-19 positive inmates as the cell doors have 1-inch holes.  *Id.*  Plaintiff shook hands with Covid-19 inmates without knowing, and a few days later, he developed symptoms.  *Id.*  He was quarantined for two weeks but refused a Covid-19 test.  *Id.*  He was exposed again after quarantine but was not moved out of the unit.  *Id.*  Plaintiff is high risk with HIV.  *Id.* Plaintiff alleges prison officials purposely put Covid-19 inmates with GP.  *Id.*  Plaintiff brings suit against 31 defendants.  *Id.* at 3, 5, 6.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 21-06401-RGK (RAO)                    Date:   August 12, 2021

Title:        Black v. Diaz et al.

III.   **DISCUSSION**

    **A.**   **Legal Standard**

42 U.S.C. section 1983 ("Section 1983") provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State …, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law[.]

Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal
constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*,
451 F.3d 1063, 1067 (9th Cir. 2006).

    Vicarious liability is unavailable for a Section 1983 claim. *Iqbal*, 556 U.S. at 676. To state
a viable Section 1983 claim against an individual, a plaintiff's complaint must allege that the
individual's own actions caused the particular constitutional deprivation alleged. *Id*. Individuals
cause a constitutional deprivation when they: (1) affirmatively act, participate in another's
affirmative act, or fail to perform an act they are legally required to do that causes the deprivation;
or (2) set in motion a series of acts by others which they know or reasonably should know would
cause others to inflict the constitutional injury. *See Lacey v. Maricopa County*, 693 F.3d 896, 915
(9th Cir. 2012) (citation omitted). Allegations regarding causation must be individualized and
must focus on the duties and responsibilities of the defendant "whose acts or omissions are alleged
to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)
(citations omitted).

    Government officials may not be held liable for the unconstitutional conduct of a
subordinate simply because they possess a higher rank in the agency hierarchy. *See Iqbal*, 556
U.S. at 676. To state a cognizable § 1983 claim against a supervisor, a plaintiff must show either
(1) direct, personal participation by the supervisor in the harm suffered, or (2) some sufficient
casual connection between the supervisor's conduct and the alleged constitutional violation. *See
Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *see also Larez v. City of Los Angeles*, 946
F.2d 630, 646 (9th Cir. 1991) (finding that to be held liable, a supervising officer must personally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 21-06401-RGK (RAO) | Date: | August 12, 2021 |
| Title: | Black v. Diaz et al. | | |

take some action against the plaintiff or "set in motion a series of acts by others" that "he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff).

**B.     Analysis**

The Complaint fails to state a cognizable claim against any defendant because it does not allege facts regarding each named defendant's role in the alleged constitutional violation.

The only defendant named in the facts section is Ralph Diaz.  However, Plaintiff's allegation that Defendant Diaz was responsible for all top officials does not support a Section 1983 claim against Defendant Diaz because there is no vicarious liability for Section 1983 claims. Plaintiff must allege facts to show how Defendant Diaz personally participated in or otherwise caused any constitutional violation.  As to the list of 30 additional defendants, the Complaint does not allege how any of these defendants were involved in any constitutional violation.

Because Plaintiff does not allege any individual defendant's personal involvement, the Court cannot determine whether Plaintiff has adequately alleged whether any defendant was deliberately indifferent to Plaintiff's medical needs.  The Court provides Plaintiff the applicable legal standard.

"To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' occurring through 'deliberate indifference' by prison personnel or officers."  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citations omitted). The government must give medical care to incarcerated persons. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  Failure to do so can constitute an Eighth Amendment violation. *Id.* In order to prevail on an inadequate medical care claim, a plaintiff must show "deliberate indifference to his serious medical needs."  *Id*. (quotations omitted).  In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006).  "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Id*. (citations and internal quotation marks omitted).  "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 21-06401-RGK (RAO)                    Date:    August 12, 2021
Title:        Black v. Diaz et al.

To satisfy the first prong, a plaintiff must demonstrate the existence of a serious medical need, which exists when the failure to treat the condition may result in significant injury or cause the unnecessary and wanton infliction of pain. *Id.* Indications of a serious medical need include injuries a reasonable doctor or patient would find important and worthy of treatment, the presence of a medical condition which significantly affects a person's daily activities, or the existence of chronic and substantial pain. *See McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992). "Th[e] second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a plaintiff must show an official knew of and disregarded a serious risk to his health). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care,'" but "an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim." *Jett*, 439 F.3d at 1096 (alteration in original) (citations omitted). "A difference of opinion does not amount to a deliberate indifference to [a prisoner's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### C.    Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 709 (9th Cir. 1990)). Plaintiff has not had the opportunity to amend his complaint and it appears possible for Plaintiff to correct at least some of the deficiencies described above. Accordingly, the Court grants Plaintiff leave to amend.

## IV.    **CONCLUSION**

In light of the foregoing, Plaintiff's Complaint is hereby **DISMISSED** with leave to amend. If Plaintiff intends to pursue this matter, he shall file a "First Amended Complaint" by **September 13, 2021**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached **Notice of Dismissal** by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 21-06401-RGK (RAO)                    Date:   August 12, 2021

Title:      Black v. Diaz et al.

itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that defendant's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**The Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

**Finally, the Court encourages Plaintiff to seek assistance from the Federal Pro Se Clinic. The Los Angeles Federal Pro Se Clinic operates by appointment only. Plaintiff may schedule an appointment either by calling the Clinic at (213) 385-2977, ext. 270, or by submitting an online request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through email.**

**IT IS SO ORDERED.**

Attachments.

_____ : _____

Initials of Preparer        dl